IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DYLAN RAY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOGIKA, LLC D/B/A FRATELLI RISTORANTE & PIZZERIA AND JOSEPH CUTRONE.<br><br>Defendants. | CIVIL ACTION NO: 0:24-cv-3683 CMC<br><br><br>**COLLECTIVE ACTION COMPLAINT**<br>(Jury Trial Requested) |

Plaintiff, Dylan Ray, ("Ray" or "Plaintiff") individually and on behalf of all others similarly situated employees, by way of her Complaint in the above-captioned matter, alleges the following claims against Defendants, Logika, LLC d/b/a Fratelli Ristorante & Pizzeria ("Fratelli") and Joseph Cutrone ("Cutrone")(collectively "Defendants").

## NATURE OF CLAIM

1. This is an action to recover minimum wage, unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.

2. Plaintiff brings this lawsuit against Defendants as a collective action, pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated who suffered damages because of Defendants' violations of FLSA.

3. This action is also brought individually for unauthorized deductions from wages, and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et. seq.* ("SCPWA").

1

4. Plaintiff also brings claims against Defendants for violating the anti-retaliation provisions of the FLSA in violation of 29 U.S.C. 215(a)(3).

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a citizen and a resident of Rock Hill South Carolina.

6. Defendants, Logika, LLC is a for-profit limited liability company organized and existing under the laws of South Carolina and is registered with the South Carolina Secretary of State.

7. Defendants Cutrone owns and operates Logika and is resident of Rock Hill, South Carolina.

8. Venue is proper in this District because the Defendants has conducted substantial, continuous, and systematic commercial activities in Greenville County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Rock Hill Division of this Court.

9. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the state of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

11. At all times pertinent to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s) so as to fall within the protection of the FLSA.

12. At all times relevant to this Complaint, Defendants' annual gross volume of sales made, or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).

## FACTUAL ALLEGATIONS

13. Defendant Logika operates a restaurant that does business as Fratelli Ristorante & Pizzeria. ("Fratelli")

14. Fratelli is a restaurant that serves Italian cuisine and pizza in Fort Mill, South Carolina.

15. Defendant Cutrone is the owner and manager of Fratelli. He is involved in the day-to-day operations and has direct responsibility for the supervision of the Plaintiff and similarly situated Servers.

16. Plaintiff is employed as a Server. He was hired on or about September 28, 2022.

17. Plaintiff as well as other similarly Servers' primary duty was to serve guests food and drinks.

18. At all relevant times, Plaintiff had substantially similar job requirements, job duties, and compensation to the other Servers employed by the Defendants.

19. Plaintiff, as well as similarly situated Servers, were paid $2.13 an hour plus tips.

20. The Defendants classified Plaintiff and similarly Servers as tipped employees and took a tip-credit.

21. Cutrone required Plaintiff and similarly situated Servers to participate in a mandatory tip pool that included himself and cooks, dishwashers and other back of the house employees.

22. Section 3(m)(2)(B) of the FLSA expressly prohibits employers from retaining employees' tips. See 29 C.F.R. § 531.54.

23. Cutrone, the restaurant owner, often participated in the tip pool.

24. Plaintiff observed Cutrone regularly pocket the cash tips that customers left for the Servers.

25. Fratelli had a separate tip pool for order placed by customers who intended to consume the food they ordered at a different location ("To-Go Orders"). The Servers regularly took the customers' To-Go orders, packaged the food and took payment from the customers.

26. The Severs were required to give all of the tips for "To-Go" Orders to the back of house employees such as cooks, dishwashers, and other employees who were not Servers.

27. The back of the house employees were paid an hourly rate above minimum wage.

28. The cooks, dishwashers, and other back of house employees did not have contact with customers and were not tipped employees.

29. Defendants' tip-pooling policy violates § 203(m) because the tip pool improperly included cooks, dish washers, and other back of house employees.

30. Defendants was not entitled to reduce the minimum wage by applying the tip credit allowance that is available under 29 U.S.C § 203 (m) because of their illegal policy and practice of requiring Plaintiff and similarly Servers to share their tips with Cutrone, cooks, dishwashers, and others.

31. Accordingly, Plaintiff and similarly situated Servers seek the difference between the hourly rates of $2.13 and the minimum wage of $7.25 for all hours worked.

32. Plaintiff and similarly situated Servers also seek the tips that were unlawfully paid to the cooks, dishwashers and Cutrone.

33. Defendants did not pay Servers and, upon information and belief, other employees for all hours worked and shaved hours from Plaintiff's and other employees' time.

34. Defendants regularly reduced the hours that employees, including Plaintiff, worked by deducting time from its time-keeping records.

35. Defendants would reduce Plaintiff's hours five to 10 hours a pay period.

36. Defendants failed to provide Plaintiff and the other Servers with notice of § 203(m)'s provisions.

37. Defendants did not notify Plaintiff and the other Servers of the restaurant's tip pool policy in advance of the employees' participation in it.

38. Defendants failed to provide Plaintiff and the other Servers oral or written notice of the FLSA's requirements for a valid tip credit.

39. Thus, Defendants knew they were violating the law by including the kitchen staff and Cutrone in the tip pool, yet they did it anyway.

40. Defendants included the non-Server staff in the tip pool to reduce their labor cost by requiring Plaintiff and similarly situated Servers to share their tips with them and supplement their hourly rate so that the Defendants could pay the non-Server staff lower hourly rates.

41. The plaintiff noticed that Cutrone had deducted $9.00 from his paycheck. On Saturday, June 1, 2024, the Plaintiff asked Cutrone why he had taken $9.00 from his wages.

42. Cutrone said he took the $9.00 for soft drinks that Plaintiff drank while he was working. Plaintiff told Cutrone that he did not drink soft drinks or authorize Cutrone to take a deduction from his wages for soft drinks.

43. Plaintiff asked Cutone to issue him another check without the $9.00 deduction. Cutrone was angry that Plaintiff told him he disagreed with the deduction. Cutrone fired Plaintiff.

44. The $9.00 deduction reduced Plaintiff's hourly wages below $2.13 an hour, violating the FLSA.

45. Plaintiff engaged in protected activity when he complained about the illegal deduction.

46. Plaintiff suffered emotional distress as a result of Cutone's retaliatory termination. Plaintiff was embarrassed and humiliated in front of his co-workers and customers. Additionally, Plaintiff is suffering from anxiety as a result of losing his job.

47. Defendants' actions were not in good faith or based upon reasonable belief that they were not violating applicable laws.

48. Plaintiff and similarly situated Servers were subject to Defendants decisions, policies, practices, procedures, and rules that willfully violate the FLSA.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act-Minimum Wage Claim)
(Individual and Collective Claims)

49. Plaintiff, on behalf of himself and all other similarly situated Servers, realleges and incorporates by reference all preceding paragraphs as if specifically set forth herein.

50. The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

51. The FLSA mandates that Defendants to compensate non-exempt employees the minimum wage rate of $7.25 per hour.

52. The FLSA, 29 U.S.C. § 203(m), provides an exception allowing Defendants to pay less than the statutory minimum wage to tipped employees, on the condition that the pooling of tips only includes employees who customarily and regularly receive tips.

53. The non-Server staff, who were paid more than minimum wage, received all of the To-Go Order tip pool and took a percentage of Plaintiff's and similarly situated Servers' tips.

54. Cutrone, who is the owner of Fratelli, shared in the tip pool and regularly took cash from Plaintiff's and similarly situated Servers' tips.

55. The tip pool mandated by Defendants and Cutrone's participation therein violated the FLSA.

56. Without the benefit of the tip credit provision, the Defendants must pay the Plaintiff and similarly situated Servers the statutory minimum wage of seven and 25/100 ($7.25) per hour.

57. Defendants' compensation of the Plaintiff and other similarly situated employees violated the minimum wage provisions of the FLSA. Plaintiff and similarly situated Servers were required to give all To-Go Order tips to cooks, dishwashers, and Cutrone. Thus, Defendants unlawfully retained portions of the tips for their own profit.

**FOR A SECOND CAUSE OF ACTION**
(FLSA-Tip Violation)
(Individual and Collective Claims)

58. Plaintiff and similarly situated Servers incorporate by reference all of the above allegations as though fully set forth herein.

59. On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) of the tip provisions of the FLSA to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing manager or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

60. The CAA also amended another FLSA provision—Section 216(b)—to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or

employees affected in the amount of the sum of any tip credit taken by the employer a<u>nd all such tips unlawfully kept by the employer</u>, and in an additional equal amount as liquidated damages." 29 U.S.C. 216(b) (emphasis added).

61. At all relevant times, Plaintiff and similarly situated Servers were employed by Defendants within meaning of the FLSA.

62. Plaintiff and similarly situated Servers are entitled all of their tips.

63. Plaintiff's and similarly situated Servers did not receive any To-Go Order tips.

64. Cutone also regularly took a share of Plaintiff's and similarly situated Servers' cash tips.

65. The cooks, dishwashers, and other non-Server employees are not employed as tipped employees.

66. In addition to the amount of unpaid tipped wages owed to Plaintiff and similarly situated Servers, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

67. Defendants' actions of retaining a portion of Plaintiff's and similarly situated Servers' tips was a willful violation of the FLSA.

68. Defendants have not made a good faith effort to comply with the FLSA.

69. Plaintiff and similarly situated Servers are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

**FOR A THIRD CAUSE OF ACTION**
(FLSA-Notice Violation)
(Individual and Collective Claims)

70. Plaintiff and similarly situated Servers incorporate by reference all of the above allegations as though fully set forth herein.

8

71. The Defendants cannot take a tip credit because they did not inform Plaintiff and the other similarly Servers employee of the notice requirement pursuant to § 203(m).

72. Although employers are permitted to take a tip credit and/or retain a tip credit for each hour that an eligible, tip-producing employee works, employers are prohibited from taking a tip credit when they fail to provide either oral or written notice regarding the provisions of § 203(m)(2)(A) of the FLSA.

73. Defendants did not identify all the participants in the tip pool or explain how the tips would be redistributed.

74. The Defendants failed inform Plaintiff and similarly situated Servers that the additional amount claimed by the Defendants is a tip credit, which cannot exceed $5.12 (the difference between the minimum required direct (or cash) wage of $2.13 and the current minimum wage of $7.25).

75. The Defendants failed to inform Plaintiff and similarly situated Servers that the tip credit claimed they claimed cannot exceed the amount of tips actually received by the tipped employee.

76. The Defendants failed to inform Plaintiff and similarly situated Servers that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

77. The Defendants failed to inform Plaintiff and similarly situated Servers that the tip credit claimed cannot exceed the amount of tips actually received by the tipped employee.

78. The Defendants failed to inform Plaintiff and similarly situated Servers that the tip credit will not apply to any tipped employee unless they have been informed of these tip credit provisions.

79. Because the Defendants failed to comply with the notice provision set forth in § 203(m) they were not entitled to take a tip credit.

**FOR A FOURTH CAUSE OF ACTION**
(FLSA-FLSA RETALIATION)
(Individual Claim)

80. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs

81. Plaintiff complained to Defendant about unlawful deductions from his wages.

82. Plaintiff engaged in "protected conduct" by complaining about the FLSA violations and explaining the mandatory alleged herein.

83. Defendants did nothing to rectify the wage and hour violations that Plaintiff complained about.

84. Defendants wrongfully terminated Plaintiff in direct response to his complaint about unlawful deductions from his pay.

85. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff based on her lawful complaints of overtime violations.

86. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

87. Defendant Cutrone is subject to individual liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

88. Defendants terminated Plaintiff and otherwise discriminated against him because of his protected conduct.

89. Defendant has willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

90. Because of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover from Defendant for front-pay, back-pay, emotional damages and reasonable attorneys' fees.

**FOR A FIFTH CAUSE OF ACTION**
Violation of South Carolina Payment of Wages Act
(Individual and Class Claims)

91. Plaintiff reallege each and every allegation contained in preceding paragraphs as if repeated here verbatim.

92. Defendants are an "employer" as defined by the SCPWA.

93. Defendants employed Plaintiff and other similarly situated employees within the State of South Carolina.

94. The money received by Plaintiff and other similarly situated employees received from the tip pool, was "wages" as defined by SC PWA, § 41-10-10(2).

95. Defendants illegally shaved hours from Plaintiff's other similarly situated employees time by deducting hours from the time that those employees worked.

96. Defendants illegally deducted for soda from Plaintiff's and other similarly situated employees' wages.

97. Defendants did not provide Plaintiff with written regarding the deduction for soda as required by the FLSA.

98. Defendants' illegal deductions from Plaintiff's other similarly situated employees' wages were willful and done in bad faith.

99. Pursuant to SCPWA § 41-10-80(C), Plaintiff other similarly situated employees are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted from their wages, plus reasonable attorneys' fees and costs.

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Servers, seeks judgment against the Defendants as follows:

a.  Declaratory Judgment in favor of Plaintiff for all causes of actions brought against Defendants in this Complaint;

b.  That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

c.  Judgment against Defendants for an amount equal to Plaintiff and similarly situated Servers wages at the applicable hourly rate of $7.25;

d.  Judgment against Defendants for the amount of unlawfully retained portions of the tips they received from Plaintiff and similarly situated Servers;

e.  An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

f.  An award of back wages, front wages and emotional distress;

g.  Judgment that the Defendants violation of the FLSA was willful;

h.  An award of unpaid wages pursuant to SCPWA;

i.  An award of treble damages pursuant to the SCPWA;

j.  An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

k.  An award of pre-judgment and post-judgement interest;

l.  An award of the costs of this action, and reasonable attorneys' fees.

m.  All such further relief as the Court deems just and equitable.

n.  All such further relief as the Court deems just and equitable.

## **JURY DEMANDED**

Plaintiff, individually and on behalf of all other and similarly situated Servers hereby demands a trial by jury.

        Respectfully submitted,

        s/ Marybeth Mullaney
        Marybeth Mullaney (Fed. ID No. 11162)
        MULLANEY LAW
        4900 O' Hear Ave, Suite 100 & 200
        North Charleston, South Carolina 29405
        Telephone (843) 588-5587
        marybeth@mullaneylaw.net

        s/Emmanuel Ferguson Sr.
        Emmanuel J. Ferguson, Sr.
        FERGUSON LAW
        AND MEDIATION, LLC
        171 Church Street, Suite 160
        Charleston, South Carolina 29401
        Telephone (843) 491- 4890
        emmanuel@fergusonlaborlaw.com

        *Attorneys for Plaintiff*

June 24, 2024
Charleston, South Carolina.