IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DYLAN RAY, Individually and Behalf all others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>A SLICE OF ITALY PIZZERIA-ROCK HILL INC. D/B/A FRATELLI RISTORANTE & PIZZERIA, AND JOSEPH CUTRONE,<br><br>Defendants. | CIVIL ACTION NO: 0:24-cv-3683-CMC<br><br><br>**JOINT MOTION TO APPROVE SETTLEMENT** |

Plaintiffs Dylan Ray, Regina LaVecchia, Hayri Lee, and Melissa Price (collectively, "Plaintiffs"), and Defendants A Slice of Italy Pizzeria – Rock Hill, Inc. d/b/a Fratelli Ristorante & Pizzeria and Joseph Cutrone (the "Pizzeria" and, collectively, "Defendants"), jointly move this Honorable Court for an Order approving the parties' Settlement Agreement and Release in Full pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq., and in support state as follows:

## BACKGROUND

Plaintiff Dylan Ray filed this action on August 6, 2024, alleging violations of the FLSA and the South Carolina Payment of Wages Act, including claims for unpaid minimum wages, improper tip pooling, unlawful deductions, retaliation, liquidated damages, and attorneys' fees. Plaintiffs Regina LaVecchia, Hayri Lee, and Melissa Price subsequently opted into the case and joined as named Plaintiffs. Notably, all four named Plaintiffs were part-time employees of the

1

Pizzeria. Defendants deny all liability but have agreed to settle this matter to avoid the burden, expense, and uncertainty of continued litigation.

## SETTLEMENT TERMS

After extensive settlement negotiations and review of Defendants' financial condition, the parties have reached a reasonable compromise of disputed claims.[1] In general, the total agreed settlement amount is twenty thousand dollars ($20,000.00), inclusive of attorneys' fees and costs, to be divided among the four Plaintiffs proportional to their involvement in the litigation and tenure as employees of Defendants, payable in 38 monthly installments. Defendants will make an initial payment of $1,500.00 on or before September 15, 2025, followed by 37 monthly payments of $500.00 each, commencing on October 15, 2025, with the final payment due October 15, 2028. The allocation of payments is set out in detail in the proposed settlement agreement attached. In general the settlement allocation is as follows: Dylan Ray: $5,750.00, Regina LaVecchia: $4,750.00, Hayri Lee: $750.00, Melissa Price: $750.00, and Attorneys' Fees and Costs: $8,000.00.

## LEGAL STANDARD

Under the FLSA, settlement of wage and hour claims requires court approval to ensure the resolution is a fair and reasonable compromise of disputed issues rather than a waiver of employees' statutory rights. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. But to approve an 'agreement' between an employer and employees

---

[1] The Proposed Settlement Agreement and Release in Full is attached as Exhibit 1.

outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.").

"Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in Lynn's Food Stores, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable." Junious v. FedEx Ground Package Sys., No. 4:19-cv-00381-SAL, 2020 U.S. Dist. LEXIS 107023, at *3-4 (D.S.C. June 18, 2020). "Thus, to determine whether to approve the proposed settlement, this court will assess (1) whether the award reflects a reasonable compromise over the issues in dispute; and (2) whether the proposed award of attorneys' fees and costs is reasonable." Id. (citing Irvine v. Destination Wild Dunes Mgmt., Inc., 204 F. Supp. 3d 846, 849 (D.S.C. 2016)).

With respect to fairness of the settlement, the Court considers six factors: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. Junious, at *4-5.

**ARGUMENT**

In this case, the settlement results from a bona fide dispute. Plaintiffs allege that Defendants improperly retained tips, misallocated "to-go order" tips to kitchen staff, made unauthorized deductions from paychecks, and retaliated against Plaintiff Dylan Ray following a wage-related complaint. Defendants deny all liability and presented evidence, including financial records,

3

employee authorizations, and statements from current and former servers, to support their defenses. Because the parties vigorously contested both liability and damages, the proposed settlement resolves genuine disputes under the FLSA and related state wage laws.

The proposed settlement is also fair and reasonable under the factors identified in Junious. The parties engaged in meaningful discovery before negotiating settlement, including the exchange of payroll records, timekeeping data, financial statements, and internal tip policies. This discovery enabled both sides to evaluate the strengths and weaknesses of their claims and defenses, ensuring that negotiations were informed rather than speculative. Moreover, the settlement was reached after the case had progressed significantly, with no notices of a collective action having been sent out and substantial discovery completed. Given the complexity of the legal and factual issues, the burden of further discovery, and the expense and delay inherent in continued litigation, resolution at this stage serves the interests of both the parties and the Court.

The record also demonstrates that the settlement was reached through arm's-length negotiations conducted by experienced counsel on both sides. There is no indication of fraud, collusion, or coercion. Plaintiffs' counsel, who are experienced in FLSA and wage-and-hour litigation, support the settlement and believe settlement at this stage to be in the Plaintiffs' best interests. Plaintiffs themselves have reviewed and consented to the terms and have raised no objections. The negotiated allocation reflects a balanced resolution of the competing claims and takes into account Defendants' limited financial resources.[2]

While Plaintiffs remain confident in the merits of their claims, they recognize the risks of continued litigation, including potential challenges to liability defenses, damages calculations, and

---

[2] Notably, during discovery, it was discovered that Defendant Pizzeria, like many restaurants, maintains its operations by utilizing credit and leveraging its assets to pay debts.

the reality of collection on any potential award. The total settlement amount of $20,000.00, inclusive of attorneys' fees and costs, represents a reasonable compromise given the disputed issues and Defendants' documented financial constraints. Under the terms of the agreement, Plaintiff Dylan Ray will receive $5,750.00, Plaintiff Regina LaVecchia will receive $4,750.00, Plaintiff Hayri Lee will receive $750.00, and Plaintiff Melissa Price will receive $750.00. These distributions provide meaningful relief in light of the potential recovery and the risks of protracted litigation.[3]

Moreover, the attorneys' fees and costs, which total $8,000.00, are fair and reasonable. These fees were negotiated separately from the Plaintiffs' recovery and do not diminish the amounts allocated to the Plaintiffs. Plaintiffs' counsel expended significant time litigating this matter, including investigating claims, conducting discovery, negotiating settlement terms, and preparing filings necessary for approval. Given the complexity of the claims, the results achieved, and the customary rates for similar litigation in this District, the requested fees are appropriate and consistent with applicable precedent. Notably, Plaintiffs' counsel has waived the costs incurred to include the filing fees, paralegal hourly fees, and costs for printing and copying documents.[4]

For all these reasons, the settlement resolves bona fide disputes, was reached through fair and informed negotiations, and represents a reasonable compromise under the FLSA and related state laws. The Court should approve the settlement as a fair, adequate, and reasonable resolution of the claims at issue.

---

[3] Plaintiffs agreed to the settlement disbursement and considered the amount of working hours of each party when determining fair distribution of the available settlement funds. During the relevant time period, Plaintiff Dylan Ray worked a total of 1,848 hours, Plaintiff Regina LaVecchia worked a total of 2,177 hours, Plaintiff Hayri Lee worked a total of 365 hours, and Plaintiff Melissa Price worked a total of 147 hours.

[4] Candidly, these costs are minimal. However, counsel has attempted to limit the costs in the case in order to provide the greatest benefit to Plaintiffs.

## CONCLUSION

For these reasons, the parties respectfully request that the Court approve the Proposed Settlement Agreement and Release in Full as a fair and reasonable resolution of a bona fide dispute and retain jurisdiction, if necessary, to enforce the terms of the settlement.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
MULLANEY LAW
4900 O' Hear Ave, Suite 100 & 200
North Charleston, South Carolina 29405
Telephone (843) 588-5587
marybeth@mullaneylaw.net


s/Emmanuel Ferguson Sr.
Emmanuel J. Ferguson, Sr. (Fed. ID No. 11941)
FERGUSON LAW AND MEDIATION, LLC
171 Church Street, Suite 160
Charleston, South Carolina 29401
Telephone (843) 491- 4890
emmanuel@fergusonlaborlaw.com

ATTORNEYS FOR PLAINTIFFS

s/*Michael D Malone*
Michael D. Malone (FID # 6709)
Charles F. Thompson, Jr. (FID # 5969)
Lake E. Summers (FID # 7687)
**Malone, Thompson, Summers & Ott, LLC**
339 Heyward Street, Suite 200
Columbia, SC 29201
Telephone: (803) 254-3300
Facsimile: (803) 254-0309
malone@mtsolawfirm.com

ATTORNEYS FOR DEFENDANTS

September 4, 2025
North Charleston, South Carolina